AUSA: Blaine Longsworth  Telephone: 810.766.5177
Special Agent: Mark Kloostra  Telephone: 810.341.5710

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Tarence L. Lard

Case: 4:21−mj−30046
Assigned To : Unassigned
Assign. Date : 1/22/2021
SEALED MATTER  (kcm)

Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of **August 18, 2020**, in the county of **Genesee** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a), | Possession with intent to distribute cocaine, |
| 18 U.S.C. § 922(g)(1), and | Felon in possession of a firearm, and |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:
Please see the attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Mark Kloostra, Special Agent - ATF&E
Printed name and title

Sworn to before me and signed in my presence.

Date: January 22, 2021

_____
Judge's signature

City and state: Flint, Michigan

Curtis Ivy, Jr., United States Magistrate Judge
Printed name and title

# Affidavit

I, Mark Kloostra, being first duly sworn, hereby depose and state as follows:

## *Introduction and Agent Background*

1.      I make this affidavit in support of a criminal complaint and arrest warrant for Tarence L. Lard (DOB: xx-xx-1995) for possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a), possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

2.      I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a warrant. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) and have been so employed since May 1990. I have conducted hundreds of investigations of illegal narcotics offenses and firearms offenses, and have participated in scores of search warrants in such investigations, which have led to numerous arrests and prosecutions.

3.      The facts in this affidavit come from my own personal observations, my training and experience, and information obtained from other agents, officers and witnesses, and from a review of relevant documents. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this

matter.

## *Probable Cause*

4. On August 18, 2020, members of the Flint Area Narcotics Group executed a state search warrant at a house on Lakeview Avenue in Flint, within the Eastern District of Michigan. The search warrant was based, in part, on an earlier controlled purchase of cocaine by a confidential informant, who identified Lard as the person that sold her/him the cocaine.

5. At the above time and place, law enforcement officers entered the house and encountered Tarence Lard inside, along with one other adult and children. Officers found Lard and the second adult inside Bedroom-1. Officers also discovered firearms, ammunition, cocaine base, plastic baggies, a digital scale with white residue, $1,768 in cash, and documents showing residency all in this same bedroom.

6. Officers seized three firearms from Bedroom-1: A Glock, model 23, .40 caliber semiautomatic pistol, loaded with 22 rounds in a high-capacity magazine; a Glock, model 19 Gen 4, 9mm semiautomatic pistol, loaded with one round in the chamber; and an Anderson, model AM-15, multi-caliber semiautomatic pistol, loaded with seven .300 caliber rounds. As for other ammunition, officers located 46 9mm rounds in a drum magazine and 12 rounds of 9mm ammunition in small magazine.

7. On a dresser in this same bedroom, officers collected $1,768 in cash next to a digital scale with suspected cocaine residue on it. These items were near a large

chunk of crack cocaine kept in a plastic baggie, which was inside a box of Good Sense plastic baggies. Officers also seized a second small chunk of crack cocaine in a plastic baggie nearby and a third small amount of cocaine from a jacket in the closet. The Michigan State Police crime laboratory later determined that the larger substance in the baggie was cocaine base, a Schedule 2 controlled substance, weighing 31 grams. The laboratory also confirmed that the two smaller amounts contained cocaine and weighed .5 and .95 grams respectively. In my experience, 31 grams of cocaine base is an amount of cocaine most frequently associated with distribution of cocaine and is inconsistent with mere personal use.

8. In this same bedroom, officers observed mail to Lard and to the other adult that identified their address as the same as that listed on the search warrant.

9. The three firearms, ammunition, cocaine, money, and digital scale were all within several feet of each other in a small bedroom. The firearms were loaded and readily accessible—two of which were lying on top of a dresser—and capable of being used quickly to protect the cocaine and money.

10. When officers were executing the search warrant, Lard made a spontaneous statement that all of the guns in the house were his and the other adult had nothing to do with them.

11. I spoke with ATF interstate nexus expert Jon Wickwire about the three firearms identified in this affidavit. After analyzing these guns, he determined that all three firearms were manufactured outside of Michigan and therefore traveled through interstate commerce before Lard possessed them.

12.     I ran a criminal history for Tarence L. Lard and learned that he was convicted in Michigan of (1) delivery/manufacture of cocaine less than 50 grams in the 7th Circuit Court in 2016, (2) felon in possession of a firearm in the 7th Circuit Court in 2018, and (3) carrying a concealed weapon in the 7th Circuit Court in 2018. Under Michigan law, all three of these felony offenses are punishable by more than one year in prison. Given the number and nature of his felony convictions, I believe there is probable cause to believe that Lard knew in August 2020 that he had been convicted of at least one felony offense punishable by more than one year in prison.

### *Conclusion*

13.     Based on the foregoing, I submit that there is probable cause to believe that Tarence L. Lard possessed cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a), possessed a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). I therefore request that the Court issue a criminal complaint and arrest warrant for Tarence L. Lard.

I, Mark Kloostra, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), being duly sworn according to law, hereby state that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge.

_____
Mark Kloostra, Special Agent
Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me and signed in my presence and/or by reliable electronic means on this 22nd day of January, 2021.

_____
Curtis Ivy, Jr.
United States Magistrate Judge